SIDLEY AUSTIN LLP
Robert W. Hirth (RH-2526)
Lee S. Attanasio (LA-3054)
787 Seventh Avenue
New York, New York 10019
Tel: (212) 839-5300
Fax: (212) 839-5599

Attorneys for Plaintiff The Options Clearing Corporation

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
In re                               :
                                    :
                                    :  Case No. 08-01420 (JMP) SIPA
LEHMAN BROTHERS INC.,               :
                                    :
        Debtor.                     :
------------------------------------x
------------------------------------x
THE OPTIONS CLEARING CORPORATION,   :
                                    :
        Interpleader Plaintiff,     :  Adversary Proceeding
                                    :  No._____
    v.                              :
                                    :
BARCLAYS CAPITAL INC., AUSTRALIA &  :
NEW ZEALAND BANKING GROUP LTD.,     :
BANK OF TOKYO-MITSUBISHI UFJ, LTD., :
LLOYDS TSB BANK plc, and JAMES W.   :
GIDDENS, in his capacity as Trustee for :
Lehman Brothers Inc.                :
                                    :
        Interpleader Defendants.    :
------------------------------------x

## INTERPLEADER COMPLAINT

Plaintiff The Options Clearing Corporation ("OCC"), by its attorneys, Sidley Austin LLP, for its Interpleader Complaint, alleges as follows:

## NATURE OF THE ACTION

1. This is an interpleader action brought under Rule 7022 of the Federal Rules of Bankruptcy Procedure and Rule 22 of the Federal Rules of Civil Procedure for the purpose of obtaining an adjudication of the respective rights of the interpleader defendants with respect to certain funds held by OCC.

2. With respect to the funds at issue, OCC faces competing claims by the interpleader defendants and thus is exposed to multiple liability with respect to its disposition of such funds absent Court resolution of the competing claims. By way of this proceeding, OCC seeks to extricate itself from the dispute by depositing the funds into the Court registry.

## JURISDICTION AND VENUE

3. This adversarial proceeding arises from and is related to the liquidation proceedings of Lehman Brothers Inc. ("LBI"), case captioned *In re Lehman Brothers Inc.*, Case 08-01420 (the "Liquidation Proceeding"), which is currently pending in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") pursuant to the Securities Investor Protection Act of 1970 ("SIPA").

4. The Court has jurisdiction over the subject matter of this adversarial proceeding under 28 U.S.C. § 157 and 28 U.S.C. § 1334.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1408 and 1409.

6. The Court has personal jurisdiction over the defendants under Rule 7004(f) of the Federal Rules of Bankruptcy Procedure.

## PARTIES

7. Plaintiff OCC is a Delaware corporation with its principal place of business located in Chicago, Illinois. It is a registered clearing agency regulated by the

2

Securities and Exchange Commission and a registered derivatives clearing organization regulated as such by the Commodity Futures Trading Commission.

8. Upon information and belief, defendant Barclays Capital Inc. ("Barclays") is a Connecticut corporation with its principal place of business located in New York, New York.

9. Upon information and belief, defendant Australia & New Zealand Banking Group Ltd. ("ANZ") is a bank organized under the laws of Australia, and has an office located at 1177 Avenue of the Americas, New York, New York 10036.

10. Upon information and belief, defendant Bank of Tokyo-Mitsubishi UFJ, Ltd. ("BTMU") is a bank organized under the laws of Japan, and has an office located at 1251 Avenue of the Americas, New York, New York 10020.

11. Upon information and belief, defendant Lloyds TSB Bank plc ("Lloyds") is a bank organized under the laws of the United Kingdom, and has an office located at 1251 Avenue of the Americas, New York, New York 10020.

12. Upon information and belief, by order of the United States District Court for the Southern District of New York, defendant James W. Giddens was appointed as trustee (the "Trustee") for the liquidation of the business of LBI under SIPA.

## BACKGROUND

13. At all relevant times prior to the commencement of the Liquidation Proceeding on September 19, 2008, LBI was a clearing member of OCC and maintained options and futures accounts at OCC.

14. On September 19, 2008, and prior to the commencement of the Liquidation Proceeding, OCC exercised its rights pursuant to OCC Rules to draw down on the following five letters of credit deposited as margin in LBI's accounts: (1) No. SO4743/8200 issued by Australia & New Zealand Banking Group Ltd NY Branch in the amount of

3

$15,598,500.00; (2) No. SO4744/8200 issued by Australia & New Zealand Banking Group Ltd NY Branch in the amount of $5,098,500.00; (3) No. S015193 issued by Bank of Tokyo-Mitsubishi UFJ, Ltd NY Branch in the amount of $35,100,000.00; (4) No. NYSB2008730 issued by Lloyds TSB Bank plc in the amount of $25,000,000.00; and (5) No. SB237405 issued by Bayerische Hypo-und Vereinsbank AG in the amount of $1.00.

15. The proceeds of the five letters of credit drawn down in full by OCC on September 19, 2008 totaled $80,797,001.00 (the "LC Proceeds").

16. On September 19, 2008, the United States District Court for the Southern District of New York entered an order placing LBI into liquidation under the auspices of the Securities Investor Protection Corporation, appointing the Trustee and removing the Liquidation Proceeding to the Bankruptcy Court.

17. On September 19, 2008, the Bankruptcy Court entered an Order [Docket No. 3] approving, and incorporating by reference for purposes of the Liquidation Proceeding, the Order, entered in the bankruptcy case of Lehman Brothers Holdings, Inc., et al (Case No. 08-13555), Authorizing and Approving (A) The Sale of Purchased Assets Free and Clear of Liens and Other Interests (the "Sale") and (B) Assumption and Assignment of Executory Contracts and Unexpired Leases, dated September 19, 2008 (the "Sale Order") [Case No. 08-13555, Docket No. 258]. The Bankruptcy Court found in Paragraph N of the Sale Order that "all securities, cash, collateral and other property transferred to accounts of the Purchaser [Barclays] at OCC shall be subject to all rights of OCC therein in accordance with the By-Laws and Rules of OCC including, without limitation, the security interests and setoff rights of OCC with respect thereto."

18. As contemplated, authorized and approved by the Sale Order, on or about September 20, 2008, LBI, OCC and Barclays entered into a Transfer and Assumption Agreement

4

effective as of the consummation of the Sale. The Agreement provides, among other things, that LBI "sells, assigns, transfers, and sets over to Barclays . . . all of [LBI's] rights, title, interests, powers, privileges, remedies, obligations, and duties in, to, under, and in respect of" LBI's options and futures accounts at OCC and that Barclays "assumes and agrees to perform each obligation arising out of or to be performed with respect to the activity" in the accounts.

19. OCC has communicated with each of the parties in an effort to reach a resolution concerning who is entitled to the LC Proceeds. For example, by letter dated October 14, 2008, OCC informed each of the parties of its understanding of the issues and requested a meeting of all interested parties with the hope of reaching a mutually agreed upon resolution. OCC's efforts to reach a resolution without burdening the Court have been unsuccessful.

## THE DISPUTE

20. By letter dated October 6, 2008, Lloyds advised OCC that the proceeds from the Lloyds letter of credit "should be returned to Lloyds on the ground that OCC no longer has any exposure to LBI since LBI's accounts and the obligations relating thereto have been assumed by Barclays. Further, Lloyds is subrogated to the rights of LBI for the return of any unused Standby L/C Proceeds."

21. On or about October 20, 2008, ANZ indicated to OCC that it had no claim to the proceeds from the ANZ letters of credit and would likely be willing to release OCC from any liability with respect to any disposition of such proceeds provided that ANZ would not thereby incur any liability to any other party.

22. By email dated November 7, 2008, Barclays advised OCC that Barclays is entitled to the LC Proceeds. Barclays further advised OCC that it had not "assumed any reimbursement obligations to the letter of credit issuers."

5

23. By email dated November 10, 2008, BTMU advised OCC that it believed that Barclay's position was without merit and demanded that OCC hold the proceeds from the BTMU letter of credit until resolution of the dispute is reached by agreement or by a final court order binding on the parties.

24. By email dated November 14, 2008, counsel for the Trustee advised OCC that it disagreed with Barclay's position, and that "until there has been a resolution as to which party retains the corresponding reimbursement obligations to the LC Issuers, we do not think it would be appropriate to regard Barclays as having succeeded to the benefit of the cash proceeds that the LC Issuers provided to OCC. Moreover, we believe that LBI in any event is entitled to any return of any cash collateral posted by LBI to secure, and Barclays should reimburse LBI for any LBI-posted cash collateral that is used to satisfy, any reimbursement obligation of LBI to an LC Issuer."

25. OCC has informed the parties that it will not release the LC Proceeds to any party absent an agreement among all interested parties or a determination binding on all parties as to the rightful owner.

26. OCC has no interest in the LC Proceeds and is a mere stakeholder.

27. Because OCC is unable to determine which party is entitled to the LC Proceeds, it commences this adversarial proceeding in the nature of interpleader against those parties that claim, or may claim, an interest in the LC Proceeds.

28. Unless the conflicting and adverse claims to the LC Proceeds are disposed of in a single proceeding, OCC will be subject to multiple litigation. In addition, unless the defendants in this adversarial proceeding are restrained or enjoined from commencing or prosecuting suits against OCC, OCC will be subject to multiple claims with respect to the LC Proceeds.

29. OCC intends to deposit the LC Proceeds (totaling $80,797,001.00) into the registry of the Court.

## PLEA FOR RELIEF

**WHEREFORE**, OCC respectfully requests that the Court enter an order:

(a) Requiring defendants to interplead and settle all claims to the LC Proceeds between themselves and any other persons who claim or may claim an interest, beneficial or legal, in such proceeds;

(b) Instructing OCC to deposit the amount of the LC Proceeds into the registry of the Court to await a determination of ownership;

(c) Restraining defendants, and all claiming through or acting with them, from commencing or prosecuting any separate proceeding against OCC concerning or relating to the issues in this action;

(d) Relieving and discharging OCC from any and all liability to the defendants with respect to the LC Proceeds;

(e) Awarding OCC its costs and disbursements, including legal fees and expenses, with respect to this action and the distribution of the LC Proceeds; and

(f) Awarding OCC such other and further relief as the Court may deem just, proper and equitable.

Dated: New York, New York
December 4, 2008

                                 SIDLEY AUSTIN LLP

                          By: *Robert W Hirth* (signature)
                                 Robert W. Hirth (RH-2526)
                                 Lee Attanasio (LA-3054)
                                 787 Seventh Avenue
                                 New York, New York  10019
                                 (212) 839-5300

                                 Attorneys for Plaintiff
                                 The Options Clearing Corporation

NY1 6811561v.1